IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY TURNER, #292 844, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-7-SRW |
| | ) | [WO] |
| ANGIE BAGGETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff's 42 U.S.C. § 1983 complaint filed on January 4, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to having a United States Magistrate Judge conduct all proceedings in this case including trial, entry of final judgment, and all post-trial proceedings. Doc. 14.

On March 28, 2018, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief in his amended complaint filed March 22, 2018. Docs. 15, 18. In compliance with the court's order, Defendants submitted an answer and written report on April 17, 2018, which contained relevant evidentiary materials tending to belie the allegations in the complaint. Doc. 20. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report. Doc. 22. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

1

The time allotted Plaintiff for filing a response in compliance with the court's April 19, 2018, order expired May 10, 2018. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written report. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. After such review, dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's inaction in the face of Defendants' reports and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the foregoing reasons, the undersigned concludes this case shall be dismissed without prejudice.

Final Judgment will be entered separately.

Done, on this the 16th day of July, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge